*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK JOSEPH SULLIVAN,

        Defendant-Appellant.

UNPUBLISHED
September 16, 2025
8:51 AM

No. 370433
St. Clair Circuit Court
LC No. 23-000101-FC

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals as of right from his January 10, 2024 jury trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a).[1] Defendant was sentenced to 5 to 15 years' imprisonment for the CSC-III conviction. We affirm.

## I. FACTUAL BACKGROUND

The victim moved in with her father Robert Taylor when she was approximately 11 or 12 years old, at a time when defendant was also residing with Taylor. Not long after the victim moved in, defendant began engaging in inappropriate conduct, beginning with verbal comments, which led to sexual touching, and which escalated into sexual acts. According to the victim's testimony, defendant forced her to engage in sexual acts on multiple occasions, despite her adamant refusal. Defendant later moved into his own apartment, and the victim stayed with him at least once while her father was away. During that stay, the last sexual assault occurred. At the time, she was 14 or 15 years old. Following the final incident, the victim was interviewed at the Child Advocacy Center regarding an unrelated matter. During that interview she disclosed the sexual abuse.[2]

---

[1] Defendant was charged with first-degree CSC (CSC-I), MCL 750.520b(2)(b), and second-degree CSC (CSC-II), MCL 750.520c(2)(b), as well as CSC-III, but the jury only convicted him on the last offense.

[2] This began as an investigation of Taylor.

After the victim's testimony, the prosecution called Detective Haley Bonner as a witness. The matter was initially referred to Detective Bonner by the Department of Health and Human Services (DHHS) concerning the victim and her siblings. As part of the DHHS investigation, a forensic interview was conducted with the victim at the Child Advocacy Center. During this interview, the victim identified defendant as the individual who repeatedly sexually assaulted her and stated that she was approximately 11 or 12 years old when it began.

Detective Bonner later interviewed defendant. For the first two hours, defendant denied having any inappropriate relationship with the victim. However, after approximately two-and-a-half-hours, defendant admitted to having sexual relations with her. He also stated that the conduct occurred between 9 and 11 times in various locations. During the interview, defendant maintained that the sexual activity did not occur until the victim was 15 years old. According to Detective Bonner, defendant did not take responsibility for his actions and instead placed blame on the victim.

The jury found defendant not guilty of the first three counts of CSC-I and CSC-II, but concluded that defendant was guilty on the fourth count of CSC-III. At sentencing, defense counsel requested that the court impose a sentence at the low or mid-range of the recommended guidelines, rather than the high end. The court denied that request, concluding that a sentence at the highest end of the recommended guideline range was appropriate. Defendant was sentenced to a minimum of 5 years and a maximum of 15 years, with credit for 448 days served.

## II. SENTENCE PROPORTIONALITY

Defendant argues that the minimum sentence, at the top of the sentencing guidelines, is disproportionate to both the offense and the offender.

### A. ISSUE PRESERVATION AND STANDARD OF REVIEW

As the Court explained in *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017), "[t]here are no special steps that a defendant must take to preserve the question whether the sentence was proportional; a defendant properly presents the issue for appeal by providing this Court a copy of the presentence investigation report." At sentencing, defense counsel requested that the trial court impose a sentence at the low or mid-range of the applicable guidelines. In addition, the presentence investigation report was filed with this Court on September 24, 2024, thereby preserving the issue for appellate review.

The standard of review for a trial court's sentencing decision is abuse of discretion. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *Id*. at 496 (quotation marks and citation omitted). While appellate review of within-guidelines sentences was previously limited by MCL 769.34(10), the Court in *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023), held that courts must evaluate the reasonableness of all sentences, including those within the guidelines, under the proportionality standard established in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

## B. PROPORTIONALITY OF PUNISHMENT

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality set forth in [*Milbourn*], which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks omitted). A within-guidelines sentence is not automatically reasonable; however, it is presumed to be proportionate, and the burden rests on defendant to rebut that presumption by demonstrating that the sentence is unreasonable or disproportionate in light of the particular facts of the case. *Posey*, 512 Mich at 359.

In evaluating proportionality, courts consider whether the sentence reflects the seriousness of the offense and the offender's circumstances. Relevant factors may include defendant's prior criminal history, the seriousness of the offense, the circumstances surrounding it, defendant's conduct while in custody, and the potential for rehabilitation. *Walden*, 319 Mich App at 352-354. Here, the trial court imposed a sentence within the recommended guidelines, and the record reflects the court considered defendant's nine prior misdemeanor convictions, the emotional impact on the victim, and the need to protect society. Given these considerations, the sentence was not disproportionate to the offense and did not constitute an abuse of discretion.

Defendant argues that the trial court abused its discretion by imposing a sentence at the top of the recommended guidelines range without adequately considering mitigating factors. While defendant cites *Posey*, and acknowledges that a within-guidelines sentence is presumed proportionate, he does not persuasively rebut that presumption. Defendant emphasizes that he had no prior felony convictions and no history of sexual assaults. He further asserts that the trial court failed to properly weigh his personal circumstances and the broader purposes of criminal punishment, such as rehabilitation, deterrence, reformation, protection of society, and punishment. However, the record reflects that each of these mitigating factors was included in the Presentence Investigation Report, which the trial court reviewed prior to sentencing. The trial court acknowledged the PSIR and the party's arguments on the record, indicating that it considered the relevant mitigating factors before selecting a sentence within the guidelines. Thus, defendant failed to meet his burden of showing that the sentence was disproportionate under the specific circumstances.

Under *Steanhouse*, a sentence must be reasonable and proportionate to both the offense and the offender. *Posey*, 512 Mich at 325. The trial court imposed a sentence that was within the guidelines and provided a clear, individualized rationale for doing so. Its emphasis on defendant's repeated criminal behavior, lack of remorse, and the emotional harm suffered by the victim reflects appropriate sentencing considerations. The court's comment that defendant "needed to be taken off the street" was grounded in legitimate public safety concerns and supported by the record, and was not indicative of personal bias or vindictiveness.

## III. CONCLUSION

Because defendant's sentence fell within the recommended guidelines and the presumption of proportionality was not overcome, the trial court did not abuse its discretion.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin